IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES K. CULP,                          3:14-CV-01133-PK

    Plaintiff,                      ORDER

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.

BROWN, Judge.

    Magistrate Judge Paul Papak issued Findings and Recommendation (#49) on September 28, 2015, in which he recommends the Court grant Plaintiff's Motion (#30) for Summary Judgment, deny as moot Defendant's Cross-Motion (#31) for Summary Judgment on Plaintiff's Benefit Claim, and grant Defendant's Motion (#32) for Summary Judgment on Defendant's Counterclaim. Defendant filed timely Objections to the Findings and

1 - ORDER

Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Defendant objects only to the Magistrate Judge's finding that Plaintiff is entitled to prejudgment interest at the Oregon statutory rate.

## I. Plaintiff is entitled to prejudgment interest.

Defendant objects to the Magistrate Judge's finding that Plaintiff is entitled to prejudgment interest on his ERISA benefits claim. In its Objections Defendant reiterates the arguments contained in its Motion for Summary Judgment on Plaintiff's Benefit Claim, its Reply in support of its Motion for Summary Judgment, its response to Plaintiff's Motion for Summary Judgment, and its statements at oral argument. This Court has carefully considered Defendant's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

2 - ORDER

## II. Plaintiff is entitled to prejudgment interest at the rate set out in 28 U.S.C. § 1961.

Defendant also objects to the Magistrate Judge's finding that Plaintiff should receive prejudgment interest at Oregon's statutory rate rather than at the rate set out in 28 U.S.C. § 1961.

The Ninth Circuit has held in ERISA benefits cases that "[g]enerally 'the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961[1] is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate.'" Blankenship v. Liberty Life Assur. Co. of Boston, 486 F.3d 620, 628 (9th Cir. 2007)(quoting Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1164 (9th Cir. 2001)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Blanton v. Anzalone, 813 F.2d 1574, 1576 (9th Cir. 1987).

In Blankenship the plaintiff prevailed on his ERISA benefit claim and the district court awarded the plaintiff prejudgment interest at 10.01% rather than at the T-bill rate set out in 28

---

[1] 28 U.S.C.§ 1961(a) provides: "[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

3 - ORDER

U.S.C. § 1961. 486 F.3d at 622, 628. The Ninth Circuit held the district court did not err when it awarded the plaintiff a rate higher than the rate set out in § 1961 because the district court made the necessary factual findings to establish there was substantial evidence that the equities of that case required a different rate. *Id.* at 628. Specifically, the district court relied on the plaintiff's declaration in which he testified:

> [A]s a result of Liberty Life's nonpayment of benefits, Blankenship was forced to replace the $6,093.82 per month he would have received with his own personal funds. Those funds would otherwise have been invested in a Vanguard mutual fund in which he had already invested over one half million dollars, and which had a 10.01-percent return since its inception in June 2000. Based on this factual record, the court concluded that "in order for Blankenship to be adequately compensated for Liberty's wrongful nonpayment of benefits," it was awarding prejudgment interest at a rate of 10.01 percent, compounded monthly.

*Id.* The Ninth Circuit held the district court's factual findings were "supported by the record, and . . . adequate to satisfy the 'substantial evidence' requirement." *Id.*

Here Plaintiff does not point to any evidence similar to that in *Blankenship* to suggest the equities of this case require the Court to award prejudgment interest at a rate higher than that permitted in § 1961. Instead Plaintiff relies on two cases from the Tenth Circuit and cases from district courts in the Tenth Circuit in which the courts awarded prejudgment interest in ERISA benefit cases at the state's statutory rate rather than the

4 - ORDER

rate set in § 1961. The Tenth Circuit, however, applies a different analysis than the Ninth Circuit as to whether interest should be awarded at the rate set in § 1961 or the state rate. The Tenth Circuit cases, therefore, are not pertinent.

Plaintiff also relies on a case from the Western District of Tennessee (*Warden v. Metropolitan Life Insurance Company*) in which the court concluded: "The rate of prejudgment interest will be determined under Tennessee law unless MetLife can demonstrate that this state law overcompensates Plaintiff." 574 F. Supp. 2d 838, 850 (M.D. Tenn. 2008). *Warden* relies on *Ford v. Uniroyal Pension Plan,* a Sixth Circuit case that does not support an award of prejudgment interest at the state's rate of interest rather than the interest rate set in § 1961 nor does it indicate a defendant must establish the state rate would overcompensate a plaintiff. The court in *Ford* stated:

> Although a district court may look to state law for guidance in determining the appropriate prejudgment interest rate, we have held previously that the statutory postjudgment framework set forth in 28 U.S.C. § 1961 is a reasonable method for calculating prejudgment interest awards. The magistrate judge determined that the average 52-week U.S. Treasury bill rate over the relevant period was 8.68%. He then selected the flat rate of 9% per annum, "to avoid the complexities of compounding interest." J.A. at 166 (Magis. J. R & R). The district court adopted the recommended 9% annual rate. Because the 9% rate was based on the average 52-week United States Treasury bill rate over the relevant time period, we conclude that the district court did not abuse its discretion in utilizing a 9% prejudgment interest rate.

5 - ORDER

154 F.3d 613, 619 (6th Cir. 1998)(citations omitted). Although the *Ford* court noted a district court may look to state law for guidance, the court did not apply the state interest rate. *Ford*, therefore, does not support the *Warden* court's use of the Tennessee state rate, and it does not support Plaintiff's request for this Court to apply the Oregon rate of interest.

In *Stone v. Bayer Corporation Long Term Disability Plan* this Court declined to award prejudgment interest in an ERISA benefit case at the Oregon statutory rate:

> Plaintiff has not produced any evidence to establish she suffered the loss of an ability to invest money in funds at a rate of return higher than that earned on T-Bills or that she had to borrow money at a higher rate to compensate for lost benefits. Plaintiff merely states the rate under § 1961 "will not adequately compensate [her] for the denial of benefits over the five year period." Absent any authority to support a rate other than that proscribed in § 1961, the Court awards Plaintiff prejudgment interest at the one-year T-Bill rate found at http://www.federalreserve.gov/releases/H15/current/.

No. 08-CV-356-BR, 2010 WL 2595675, at *4 (D. Or. June 21, 2010). Other courts in this district also have declined to award prejudgment interest in ERISA benefits cases at the Oregon statutory rate or at rates different from the one set out in § 1961. *See, e.g., Rabbat v. Standard Ins. Co.*, 894 F. Supp. 2d 1311, 1323-24 (D. Or. 2012)(an ERISA plaintiff was not entitled to prejudgment interest at Oregon's statutory rate of nine percent because he did not "set forth any evidence demonstrating

6 - ORDER

that the equities require this court to deviate from the rate prescribed in 28 U.S.C. § 1961."); *Topits v. Life Ins. Co. of N. Am.*, No. 3:12-CV-00661-ST, 2013 WL 5524129, at *12 (D. Or. Apr. 11, 2013), *adopted* 2013 WL 5524131 (D. Or. Sept. 30, 2013) (plaintiff was not entitled to prejudgment interest at Oregon's statutory rate of nine percent because the plaintiff had not submitted evidence justifying a deviation from the rate prescribed in 29 U.S.C. § 1961).

As noted, Plaintiff does not point to any evidence in the record to establish that he suffered the loss of his ability to invest money in funds at a rate of return higher than that earned on T-Bills or that he had to borrow money at a higher rate to compensate for lost benefits. The Court, therefore, concludes on this record that Plaintiff should be awarded prejudgment interest at the rate set out in 28 U.S.C. § 1961 rather than the Oregon statutory rate. Accordingly, the Court declines to adopt that portion of the Findings and Recommendation in which the Magistrate Judge found Plaintiff should be awarded prejudgment interest at the Oregon statutory rate.

## CONCLUSION

The Court **ADOPTS AS MODIFIED** Magistrate Judge Papak's Findings and Recommendation (#49), and, accordingly, **GRANTS** Plaintiff's Motion (#30) for Summary Judgment, **DENIES as moot**

7 - ORDER

Defendant's Cross-Motion (#31) for Summary Judgment on Plaintiff's Benefit Claim, and **GRANTS** Defendant's Motion (#32) for Summary Judgment on Defendant's Counterclaim.

The Court **DIRECTS** the parties to confer and to submit a form of Judgment to this Court consistent with this Order **no later than January 25, 2016.**

IT IS SO ORDERED.

DATED this 8th day of January, 2016.

*[signature]*

ANNA J. BROWN
United States District Judge

8 - ORDER